UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 09 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RUSELL CASTON
Reg. No. 08816-043
F.C.C. Yazoo City
P.O. BOX 5888
Yazoo City, MS. 39194

    PLAINTIFF,

v.

EXECUTIVE OFFICE FOR THE
UNITEDN STATES ATTORNEYS
FREEDOM OF INFORMATION/PRIVACY STAFF
600 E. Street, NW, Suite #7300
Bicentennial Building
Washington, DC 20530-0001

    DEFENDANT.

Case: 1:07-cv-01816
Assigned To : Kennedy, Henry H.
Assign. Date : 10/9/2007
Description: FOIA/PRIVACY ACT

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1). This action is brought under the freedom of information act, 5 U.S.C. § 552("F.O.I.A."), in order to compel the executive office for the United States Attorney (EOUSA'S) to provide records and comply with title 5, United States Code, Section 552 (A)(3), as amended.

### JURISDICTION

2). This Court has jurisdiction over this action under 5 U.S.C.§§

RECEIVED
SEP 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

552(g) and (h), 5 U.S.C. § 552 (4)(B), and 28 U.S.C. § 1331, Federal question jurisdiction.

## PARTIES

3). Plaintiff, Russell Caston, was defendant in case no. 3:05-CR-00153-TSL. On March 23, 2006, plaintiff entered a plea of guilty to possession of a firearm by a convicted felon. Caston and the Government reached an agreement set forth in a plea dated March 22, 2006. Plaintiff unknowingly and involuntarily waived his right under the freedom of information act, title 5, United States Code, section 552 a), to request records pertaining to the investigation or prosecution of his case.

4). On March 23, 2006, Plaintiff appeared before the Court and entered a guilty plea to the charge of felon in possession of a firearm 18 U.S.C. 992 g). On June 29, 2006, plaintiff was sentenced to 100 months in prison in the custody of the bureau of prison.

5). On April 2, 2007, Plaintiff filed a F.O.I.A request for access to records in the custody of the executive office for the United States attorneys (see exhibit "A").

6). On May 16, 2007, the executive office for the United States Attorneys denied plaintiff access to the requested information. The information was withheld pursuant to the plaintiff's unknowing and involuntary plea agreement entered into with the United States Attorneys office on March 23, 2006 (see exhibit "B").

7). On June 27, 2007, plaintiff appealed the denial of the withheld

documents pursuant to the plea agreement, that was executed on March 23, 2006 (see exhibit "C").

8). On August 31, 2007, Associate Director Janice G. McLeod, affirmed the EOUSA's action. The EOUSA determined that under the terms of the plea agreement, plaintiff had waived his rights to request records under the freedom of information act title 5 U.S.C. 552 (a) (see exhibit "D").

As of the filing of this pleading, the EOUSA has unlawfully withheld and unreasonably delayed disclosure of the requested records. The Executice office for the United States Attorneys should not be allowed to withhold information which would show that plaintiff's plea as well as the plea waiver itself was not knowing and voluntary because plaintiff's attorney labored under an actual conflict of interest.

## STATUTORY FRAMEWORK AND FACTS
## GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### THE FREEDOM OF INFORMATION ACT'S FUNCTIONS AND POWERS

9). The act, as structured, provides for three(3) enumerated categories or methods of making information available to the public. The first, 5 U.S.C. § 552(A)(1), requires certain matters to be published in the federal register. The second, 5 U.S.C. § 552 (A)(2), requires certain information to be made available for the public's inspection and copying. The third, 5 U.S.C. § 552(A)(3), requires certain matters to be made available upon request to an agency. These sections appear to be alternate disclosure channels.

The third category appears to be a broad catch-all provision for disclosure of material that may not fall under either of the other two categories.

10). The F.O.I.A is itslef a congressionally approved resource open to every person, regardless of the requester's status as a criminal defendant.

The executive office for the United States Attorney should not be allowed to withhold information pursuant to a plea agreement and waiver in plaintiff's criminal case that was obtained in violation of plaintiff's Sixth Amendment Right.

Plaintiff states for the record that the F.I.O.A. waiver in his plea agreement was not knowing and voluntary because:

1). The Court nor plaintiff's attroney never explained to plaintiff that he was waiving his right to receive information under title 5 U.S.C. 552(a).

2). Plaintiff's Attroney was ineffective during the negotiation of the plea agreement and waiver and labored under an actual conflict of interest.

The requested information would show that plaintiff's attorney was ineffective during the negotiation of the F.I.O.A. waiver, and that the A.U.S.A David Fulcher was well aware of this conflict of interest and failed to bring this matter to the Court's attention. Defendant (EOUSA) should not be allowed to withhold records pursuant to the plea agreement in plaintiff'd crminial case because the plea agreement and the freedom of information waiver itself was obtained in violation of plaintiff's Sixth Amendment Right to conflict free counsel. To withhold the requested information would

-4-

otherwise deprive the plaintiff of an opportunity to assert his Sixth Amendment Right to Counsel where he had accepted the F.O.I.A. waiver in reliance on delinquent representation.

## RELIEF SOUGHT

8). Plaintiff is requesting a copy of a letter faxed to plaintiff's attorney (Sanford Knott) from A.U.S.A David Fulcher. The letter was faxed on or around June, 2006. This letter mentions plaintiff's name and is related to plaintiff's criminal case.

## CONCLUSION

Wherefore, plaintiff prays that the Court direct the executive office for the United States Attorneys to comply with the requirements of the freedom of information act, 5 U.S.C. § 552(A)(3), and grant such other and further relief as the Court may deem just and proper.

Dated this 21 day of September, 2007.

Respectfully Submitted,

RUSSELL CASTON
Reg. No.: 08816-043
F.C.C. Yazoo City
P.O. Box 5888
Yazoo City, MS. 39194

## CERTIFICATE OF SERVICE

I, _Russell Caston_, hereby certify that a true and correct copy of the foregoing complaint for Declaratory and Injunctive relief, has been sent on this _21_ day of September, 2007, via the United States mail postage pre-paid to the following address:

Executive Office for the United States
Attorney Freedom of Information or Privacy-Staff
600 E. Street, N.W., Suite # 7300
Bicentennial Building
Washington, DC 20530-0001

Certified Mail No. <u>7004 2890 0001 1071 0695</u>

RUSSELL CASTON
Reg. No. 08816-043
F.C.C. Yazoo City
P.O. BOX 588
Yazoo City, MS. 39194

April 2, 2007

F.O.I.A./Privacy Act Unit
Executive Office for United States Attorneys
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

RE: "<u>Freedom of Information/Privacy Act Request</u>"

    Requester: RUSSELL CASTON
    Case No. 3:05CR153LS
    U.S. Attorneys Office (Southern District of Mississippi)

Dear Sir/Ma'am

    Pursuant to the Freedom of Information Act, the Privacy Act of 1974, Title 5 U.S.C. § 552(a)(3), as amended, would you please regard this letter as my initial request for disclosure of "clear and legible" copies of the following information concerning the above referenced case:

1. Requester is requesting a copy of the discovery material that was prepared in the above mentioned case, this includes any and "all" investigation reports, photographs and lab reports.

2. Requester is requesting a copy of the letter faxed to requester's attorney Sanford Knott from A.U.S.A. David H. Fulcher on or around June 9, 2006. This letter mentions requester's name and is related to requester's case. This letter will be used as an exhibit in requester's 2255 motion.

Requester will expect a response to this F.O.I.A./PA request within twenty(20) calendar days of receipt, or as required by the Act.

Requester also reserves the right to appeal any adverse response or non-disclosure action that may constitute a denial of this request.

Respectfully Submitted,

Russell Caston

## CERTIFICATE OF IDENTITY

**PRIVACY ACT STATEMENT:** In accordance with 28 CFR 16.41, personal data sufficient to identify the individual submitting a request by mail under the **PRIVACY ACT OF 1974, 5 U.S.C 552a**, is required. The purpose of this solicitation is to ensure the records of the individuals who are subject of U.S. Department. Failure to furnish the information will result in no action being taken on the request by the System Manager.

FULL NAME OF REQUESTER   Russell Marquee Caston

CURRENT ADDRESS   P.O. BOX 5888

Yazoo City, MS. 39194

DATE OF BIRTH   August 19, 1975

SOCIAL SECURTIY NUMBER   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

PLACE OF BIRTH   Jackson, Mississippi (Hinds County)

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than 10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretense is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

April 2, 2007
Date

Signature

## AFFIDAVIT OF INDIGENCE

I, _Russell M. Caston_, the requester hereby declare myself to be indigent and states that the requested information is in the "**Public Interests**", I ask that you waive any and all fees and or charges associated to this request pursuant to 5 U.S.C. 552a (1)(3) et. seq.

Signature

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

MAY 16 2007

Russell Caston
#08816-043
FCC - Yazoo City
P.O. Box 588
Yazoo City, MS 39194

Re: FOIA Request #07-1224

Dear Mr. Caston:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    Pursuant to the Plea Agreement you executed on March 23, 2006, you have waived all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. See Plea Agreement at ¶ 12 (d).

    This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

                                                      Sincerely,

                                                      William G. Stewart II
                                                      Assistant Director

Enclosure(s)

| Subject | Date |
|---|---|
| United States v. Russell Caston<br>Criminal No. 3:05-CR-0153 TSL JCS<br>United States District Court for the<br>Southern District of Mississippi | March 22, 2006 |



To:
Sanford Knott
Sanford Knott & Associates, PA
P. O. Box 1208
Jackson, MS 39215-1208

From:
Dave Fulcher
Assistant United States Attorney
Southern District of Mississippi
Criminal Division



## PLEA AGREEMENT

RUSSELL CASTON, defendant herein, and SANFORD KNOTT, Attorney for Mr. CASTON have been notified that:

### 1. Defendant's Obligations

If the defendant tenders a plea of guilty to the indictment charging him with Possession of a Firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1);

### 2. Government's Obligations.

a.  Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will:

   (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing;

   (ii) recommend that the Court impose a sentence within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court;

   (iii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing; and

   (iv) ask the District Attorney of Hinds County, Mississippi to remand to the file any pending charges for possession of the firearm on August 1, 2005, by the defendant or the possession of the narcotics recovered from the defendant on August 1, 2005. The government's only obligation is to make this request, and this plea agreement is not conditioned on any specific response to this request by the Hinds County District Attorney.

**UNITED STATES vs. RUSSELL CASTON**                    **MARCH 22, 2006**

    b.    Because of the timely nature of the notice of Defendant's intent to enter a plea of guilty, the government will recommend an additional one-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2), should he otherwise qualify for the two-level downward adjustment for acceptance of responsibility, for a total downward adjustment of three levels.

3. **Count of Conviction.** It is understood that, as of the date of this plea agreement, the defendant and his attorney have indicated that the defendant desires to plead guilty to the indictment charging him with Possession of a Firearm by a Convicted Felon.

4. **Sentence.** Defendant understands that the penalty for the offense charged in the indictment charging a violation of Title 18, United States Code, Section 922(g)(1), is up to a ten year term of imprisonment, a fine of up to $250,000.00, and a term of supervised release of at least two years but not more than three years; the Defendant further understands that a term of supervised release will be imposed, and that the term will be in addition to any prison sentence imposed; further, if any of the terms of supervised release are violated, the Defendant may be returned to prison for the entire term of supervised release without any credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions. Further, the defendant acknowledges as to 18 U.S.C. § 922(g)(1), that should the government prove that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then the penalty shall be a term of imprisonment not less than 15 years nor more than life, and fine of up to $250,000.00, pursuant to §924(e), Title 18, United States Code. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

5. **This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph Number 2.

6. **Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

7. **Limit on Further Prosecution.** It is further understood that the U.S. Attorney's Office will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by

**UNITED STATES vs. RUSSELL CASTON**                                           **MARCH 22, 2006**

Defendant to this Office as of the date of this Agreement arising out of any event covered by the indictment referenced in Paragraph No. 1 (except that the matters referred to in the indictment may be used as relevant conduct in computing the applicable Sentencing Guidelines range), if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has. Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office is free to seek prosecution of Defendant. This plea agreement does not provide any protection against prosecution for any crimes except as set forth above, nor does it provide protection for prosecution for any crime of violence committed by Defendant.

**8. Breach of This Agreement.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any other crimes, the representations by the United States in Paragraph Number 2 above are rescinded, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney's Office has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

**9. Binding Effect On This District Only.** It is further understood that this plea agreement does not bind any state or local prosecuting authorities or any other federal district except as to the use of Defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

**10. Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; the defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or the U.S. Probation Office. If the defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**11. Further Crimes.** It is further understood that should Defendant commit any further crimes, this plea agreement shall be deemed violated and he shall be subject to prosecution for any

**UNITED STATES vs. RUSSELL CASTON**                                  **MARCH 22, 2006**

federal criminal violation of which this office has knowledge, and that any information provided by him may be used against him.

**12. Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

   a.   the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

   b.   the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

   c.   any right to seek attorneys fees and/or costs under the "Hyde Amendment," as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

   d.   all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

   e.   Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

**13. Future Direct Contact With Defendant.** Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact

UNITED STATES vs. RUSSELL CASTON                                    MARCH 22, 2006

with Defendant during any period of incarceration, probation, and supervised release. Further, Defendant and his attorney understand that it is essential that defense counsel contact the Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case to confirm in writing whether defense counsel will continue to represent Defendant in this case and in matters involving the collection of the financial obligations imposed by the Court. If the U.S. Attorney's Office does not receive any written acknowledgment from defense counsel within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney's Office will presume that defense counsel no longer represents the defendant and the Financial Litigation Unit will communicate directly with the defendant regarding collection of the financial obligations imposed by the Court. Defendant and his attorney understand and agree that such direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant if defense counsel fails to notify the U.S. Attorney's Office of any continued legal representation within two weeks after the date of entry of the Judgment in this case.

14. **Complete Agreement.** It is further understood that this plea agreement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

*DEFENDANT AND HIS ATTORNEY OF RECORD FURTHER DECLARE THAT THE TERMS OF THIS AGREEMENT HAVE BEEN:*

1) *READ BY OR TO HIM;*
2) *UNDERSTOOD BY HIM OR EXPLAINED TO HIM BY HIS ATTORNEY; AND*
3) *VOLUNTARILY ACCEPTED BY HIM.*

WITNESS OUR SIGNATURES, as set forth below.

DUNN LAMPTON
United States Attorney

_____          3/23/06
By: Dave Fulcher                          Date
Assistant United States Attorney

_____          3/23/06
Russell Caston                            Date
Defendant

_____          3/23/06
Sanford Knott                             Date
Attorney for Defendant

Russell Caton
Reg No. 08816-043
F.C.C Yazoo City
P.o Box 5888
Yazoo City, Ms 39194

June 8, 2007

Office of Information and Privacy,
United States Department of Justice,
1425 New York Avenue, Suite # 11050
Washington, D.C 20530-0001

RE: **Freedom of Information/Privacy Act Appeal :**

Requester is appealing the denial of the withheld documents pursuant to the plea agreement, that was excuted on March 23, 2006. See Exhibit " C " Attached.

1. Requester, Russell Caston, filed a Freedom of Information Privacy Act, dated April 2, 2007, for access to records in the custody of Executive office for United States Attorneys that pertain to him and his criminal case. Criminal Case No. 3:05 CR-153LS.

2. On May 16, 2007, the Executive office for United States Attorneys denied Requester access to the requested information. This information was withheld pursuant to the Plea Agreement requester enter into with the United States Attorneys Office on March 23, 2006. See Exhibit " A ".

3. The denial of these documents pursuant to the plea agreement in requester criminal case was erroneously withheld and in violation of requester constitutional right, as well as Title 5 U.S.C 552 (a) (3). Congress established F.O.I.A. to allow private persons to access to Government records and thereby be informed about "what their Government is up to. See U.S Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S 749, 773, 103 L.ed.2d 774, 109 S. Ct. 1468 ( 1989 ). Congress also recogniezed, that the disclosure of certain information "May harm legitimate governmental or private interests" and accordingly enacted several exemptions to the F.O.I.A disclosure requirements.

4.    The Government agency in this case failed to use the several exemptions enacted by congress, but instead relyed on a plea agreement to withhold the requested information. The requested information is favorable to requester pending 28 U.S.C 2255 motion. The Government actions in withholding this informaion violates requesters due-process, when it suppresses material evidence that will show the court, requester six amendment right was violated during the negotiation of his plea agreement and the waiver itself. Request is in need of this information, to show the court his attorney (Sanford Knott) and the A.U.S.A David Fulcher, was fully aware that requester attorney was acting under the influence of an actual - conflict of interest, that adversely affected counselor's performace. **Ex."D"**

5.    Requester signed a plea agreement under which he agreed to waive his right to request information under the Freedom of Information Act, set forth at Title 5, U.S.C ¶ 552 (a). Requester waiver itself was tainted by the ineffective assistance of his counsel during the negotiation of the waiver. Requester argue that the ineffective, of his counsel rendered his waiver under Title 5 U.S.C 552 (a) unknowing and involuntary.

## Statement of Relief Sought

Requester respectfully request that his F.O.I.A request be remanded back for further processing of the responsive records. And those additional records that can be release, be released to requester.

## Conclusion

Wherefore, requester prays this office make available to him the much needed information. I would like to thank you in advance for your help and time in this most important matter.

Sincerely

[signature]

(2)



U.S. Department of Justice

Office of Information and Privacy

Telephone: (202) 514-3642　　　　　　　　Washington, D.C. 20530

AUG 3 1 2007

Mr. Russell Caston
Register No. 08816-043
Federal Correctional Complex
P.O. Box 5888　　　　　　　　　　　　Re: Appeal No. 07-1777
Yazoo City, MS 39194　　　　　　　　　　　Request No. 07-1224
　　　　　　　　　　　　　　　　　　　　KAH:CF

Dear Mr. Caston:

　　　You appealed from the denial of the Executive Office for United States Attorneys (EOUSA) on your request for access to certain records pertaining to your criminal case with the United States District Court for the Southern District of Mississippi.

　　　After carefully considering your appeal, I am affirming EOUSA's action. EOUSA determined that under the terms of a signed plea agreement filed with the United States District Court for the Southern District of Mississippi on March 23, 2006, you had waived all rights to make any request or receive any records concerning your case. It has been determined that EOUSA's response was correct. Statutory provisions are presumed to be subject to waiver by voluntary agreement, "absent some affirmative indication in the statute of Congress' intent to preclude waiver." United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (citing Evans v. Jeff D., 475 U.S. 717, 730-32 (1986)). Neither the Freedom of Information Act nor the Privacy Act contains any indication that Congress intended to preclude waiver. See 5 U.S.C. §§ 552 and 552a, respectively. Consequently, for purposes of your request, the waiver of your FOIA and Privacy Act rights contained in your plea agreement is presumed to be valid, and EOUSA properly denied your request.

　　　If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　Janice Galli McLeod
　　　　　　　　　　　　　　　　　　　　Associate Director

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-1816
HHK

## I (a) PLAINTIFFS

Russell Caston

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

#08816-043

## DEFENDANTS

Executive Office for US Attorneys

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01816
Assigned To : Kennedy, Henry H.
Assign. Date : 10/9/2007
Description: FOIA/PRIVACY ACT

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☒ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** 0   Check YES only if demanded in complaint  **JURY DEMAND:** ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 10/9/07   SIGNATURE OF ATTORNEY OF RECORD  NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd