## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                                              |   |                                  |
|----------------------------------------------|---|----------------------------------|
| **RUSSELL CASTON,**                          | ) |                                  |
|                                              | ) |                                  |
| **Plaintiff,**                               | ) |                                  |
|                                              | ) |                                  |
| **v.**                                       | ) | **Civil Action No. 07-1816 (HHK)** |
|                                              | ) |                                  |
|                                              | ) |                                  |
| **EXECUTIVE OFFICE FOR**                     | ) |                                  |
| **UNITED STATES ATTORNEYS,**                 | ) |                                  |
|                                              | ) |                                  |
| **Defendant.**                               | ) |                                  |

## DEFENDANT'S MOTION TO DISMISS,
## OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, Defendant respectfully moves this Court for a dismissal of the above-captioned complaint or, in the alternative, for summary judgment. In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities, the Statement of Material Facts Not in Dispute, the Declaration of Karen M. Finnegan, and the attached Exhibits.

*Pro se* Plaintiff should take notice that any factual assertions contained in the declaration in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached declaration. *See Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provides as follows:

(1) A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred

1

to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.  (2) When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED. R. CIV. P. 56(e).

Dated: February 19, 2008.                    Respectfully Submitted,


                                              /s/   Jeffrey A. Taylor
                                             JEFFREY A. TAYLOR, D.C. BAR # 498610
                                             United States Attorney



                                              /s/   Rudolph Contreras
                                             RUDOLPH CONTRERAS, D.C. BAR #434122
                                             Assistant United States Attorney

                                              /s/   John C. Truong
                                             JOHN C. TRUONG, D.C. BAR #465901
                                             Assistant United States Attorney
                                             555 Fourth Street, N.W.
                                             Washington, D.C.  20530
                                             (202) 307-0406

                                             Attorneys for Defendant

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **RUSSELL CASTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vi.** | ) | **Civil Action No. 07-1816 (HHK)** |
| | ) | |
| | ) | |
| **EXECUTIVE OFFICE FOR** | ) | |
| **UNITED STATES ATTORNEYS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,**
**OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION.**

*Pro se* Plaintiff Russell Caston, a prisoner convicted for possession of a firearm by a convicted felon, filed this Freedom of Information Act ("FOIA") action seeking certain documents pertaining to himself.  Specifically, Plaintiff complains that Defendant Executive Office for United States Attorneys ("EOUSA") improperly denied his FOIA request to obtain certain records pertaining to his criminal case in the United States District Court for the Southern District of Mississippi.  *See* Complaint ("Compl.") at ¶¶ 5-8.

Plaintiff's claim, however, lacks merit because he waived his rights under the FOIA to seek documents relating to his investigation and prosecution from any federal governmental agency when he entered into a plea agreement for his crime.  It appears that Plaintiff attempts to use the FOIA to collaterally attack the terms of his plea agreement.  But, Plaintiff can only challenge his plea agreement under 28 U.S.C. § 2255 and then only in the district where he was

1

convicted.  For this reason and those further elaborated below, the Court should grant

Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and dismiss this

case with prejudice.

## II.    FACTUAL BACKGROUND

On March 23, 2006, Plaintiff Russell Caston entered into a plea agreement where he

pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §

922(g)(1).  *See* Plea Agreement at ¶ 1 (Gov. Exh. H).  As part of his plea, Plaintiff waived a

number of rights, including his rights to seek documents under the FOIA.  *Id.* at ¶ 12(d).

Specifically, Plaintiff's plea agreement specifies that he agrees to waive

> all rights, whether asserted directly or by a representative, to request or receive
> from any department or agency of the United States any records pertaining to the
> investigation or prosecution of this case, including without limitation any records
> that may be sought by him or by his representative under the Freedom of
> Information Act, set forth at Title 5, United States Code, Section 22, or the
> Privacy Act of 1974, at Title 5, United States Code, Section 552a.

*See* Plea Agreement at ¶ 12(d).  Plaintiff and his attorney, Sanford Knott, signed the plea

agreement, which emphasizes that "***DEFENDANT AND HIS ATTORNEY OF RECORD***

***FURTHER DECLARE THAT THE TERMS OF THIS AGREEMENT HAVE BEEN: 1)***

***READ BY HIM OR TO HIM; 2) UNDERSTOOD BY HIM OR EXPLAINED TO HIM BY***

***HIS ATTORNEY; AND 3) VOLUNTARILY ACCEPTED BY HIM.***"  *See* Plea Agreement ¶ 14

(emphasis in original).  On June 29, 2006, the United States District Court for the Southern

District of Mississippi sentenced Plaintiff to 100 months in prison, pursuant to his conviction

under the plea agreement.  *See* Compl. ¶ 4.

On April 11, 2007, Plaintiff submitted a FOIA request to EOUSA seeking certain records

and a letter between his counsel and the Assistant United States Attorney in his criminal case.

2

*See* Declaration of Karen M. Finnegan ("Finnegan Decl.") at ¶ 7.  On May 16, 2007, EOUSA

denied Plaintiff's FOIA request explaining that Plaintiff had waived his rights under the FOIA

when he executed the plea agreement.  *Id.* at ¶ 9.  In that same letter, EOUSA informed Plaintiff

that he could appeal this decision by writing to the Office of Information and Privacy ("OIP").

*Id.* at ¶ 9.  On June 14, 2007, Plaintiff filed an administrative appeal with OIP.  *Id.* at ¶ 11.  On

August 31, 2007, OIP affirmed EOUSA's denial of Plaintiff's FOIA.  Thereafter, on October 9,

2007, Plaintiff filed this FOIA action alleging that he did not knowingly and voluntarily waive

his rights under the FOIA.  *See* Compl. at ¶ 8 and 10.  Plaintiff's Complaint does not allege that

he unknowingly or involuntarily waived any other rights.

## III.    ARGUMENT

### A.    Standards of Review.

#### 1.    Rule 12(b)(6): Motion to Dismiss.

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead

"enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v.

Twombly*, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S.

41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing *Twombly*);

*accord Williams v. Martin-Baker Aircraft Co., Inc.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004)

(complaint failed to identify who was involved in alleged fraud, referred generally to

"management," and failed to explain role of named individuals in the alleged fraud).  Hence, the

focus is on the language in the complaint, and whether that language sets forth sufficient factual

allegations to support Plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.*

### 2.    Rule 56: Summary Judgment.

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).

A genuine issue of material fact is one that could change the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Thus, the nonmovant cannot manufacture genuine issues of material fact with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Moreover, the moving party may demonstrate he is entitled to summary judgment by directing the court to the absence of evidence to support the nonmoving party's case. *Shelborne v. Runyon*, 1997 WL 527352 at *3-4 (D.D.C. 1997) (citing *Celotex*, 477 U.S. at 325). Summary judgment in FOIA cases follows a similar standard, i.e., an agency must show that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg*

4

*v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

**B.     The FOIA Is Not The Proper Vehicle For Plaintiff To Attack His Plea Agreement**.

This Court should dismiss Plaintiff's complaint because Plaintiff is improperly attempting to mount a collateral attack on his plea agreement under the FOIA.  A collateral attack on his plea agreement is properly brought under 28 U.S.C. § 2255, not the FOIA. Plaintiff's FOIA action alleges that EOUSA improperly denied him access to records regarding his criminal case.  Compl. at ¶ 8.  In denying Plaintiff's FOIA request, EOUSA explained that Plaintiff waived his rights under the FOIA when he entered into a plea agreement.  *See* Finnegan Decl. at ¶ 9 and Gov. Exh. C.

To get around this impediment, Plaintiff's FOIA complaint now conclusorily claims that he did not knowingly and voluntarily waive his rights under the FOIA when he entered into the plea agreement.  Compl. at ¶ 8 and 10.  Plaintiff further claims that the plea agreement was "obtained in violation of the Sixth Amendment" and that his criminal defense attorney provided ineffective assistance of counsel.  *See* Compl. at ¶ 10.   Plaintiff's allegations lack merit.

The clear and simple language of the plea agreement is prima facie evidence that the Plaintiff entered into the plea agreement knowingly and voluntarily.  *See United States. v. McGee*, 2002 WL 1585607, *1 (E.D.La. July 16, 2002) (noting that defendant's signature on a plea agreement is prima facie proof of the validity of the plea agreement); *Rupert v. Johnson*, 79 F. Supp. 2d 680, 704 (W.D.Texas 1999) (noting that any document signed by defendant at the time of the guilty plea are entitled to great evidentiary weight).  Furthermore, plea agreements have been analogized to contracts, *see Santobello v. New York*, 404 U.S. 257, 262 (1971) (plea

agreements are bargained and negotiated for by prosecutor and defendant, the consideration

being the promises made by the parties); *United States v. Randle*, 324 F.3d 550, 558 (7th Cir.

2003) ("[A] plea agreement must encompass 'a meeting of the minds on all of its essential

terms.'" (quoting *United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996))), and "are consistent

with the requirements of voluntariness and intelligence – because each side may obtain

advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less

voluntary than any other bargained-for exchange." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984).

Here, the evidence shows that Plaintiff signed the plea agreement (with his counsel's

assistance) attesting that he understood and voluntarily accepted the plea agreement.  *See* Plea

Agreement at ¶ 14.  Plaintiff's plea agreement also specifies that he agreed to waive certain

rights, including his rights under the FOIA to seek records of his investigation and prosecution

from the government.  *Id.* at ¶ 12(d).  Based on this specific waiver, the EOSUA correctly denied

Plaintiff's FOIA request. [1] Therefore, under established law, without contrary evidence, Plaintiff

had knowingly and voluntarily waived all rights under the FOIA.

However, to the extent that Plaintiff wishes to attack the propriety of the plea agreement,

he must initiate the challenge under 28 U.S.C. § 2255 and in the Southern District of Mississippi

(where Plaintiff was sentenced).  *See* 28 U.S.C. § 2255(a); *see also Williams v. Carlson*, 826

F.2d 129 (D.C. Cir. 1987) (a motion to vacate, set aside, or correct a prison sentence "should be

considered and disposed of by the sentencing court."); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th

---

[1]     Plaintiff's waiver of his rights under the FOIA is consistent with the law.  It is well
established that statutory provisions are presumed to be subject to waiver by voluntary
agreement, "absent some affirmative indication in the statute of Congress' intent to preclude
waiver." *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) (citing *Evans v. Jeff D.*, 475
U.S. 717, 730-32 (1986)).  The language of FOIA does not suggest that Congress intended to
preclude waiver of the FOIA provisions.  *See* 5 U.S.C. § 552.

Cir. 2000) (where prisoner filed for habeas relief, the challenge is proper only in the jurisdiction in which the prisoner is incarcerated, and "[a] section 2255 motion must be filed with the sentencing court." (citing *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (noting that a prisoner attacking the legality of his sentence must file a petition in the district that imposed the sentence (citing *United States v. Condit*, 621 F.2d 1096, 1097 (10th Cir. 1980)); *Winchester v. United States*, 477 F. Supp. 2d 81, 83 (D.D.C. 2007) (denying prisoner's 28 U.S.C. § 2255 petition challenging his sentence pursuant to a plea agreement and conviction, and noting that the sentencing court is the proper court to decide the issue) (citing *United States v. Abbonizio*, 442 U.S. 178, 185 (1979)).

Here, Plaintiff's FOIA complaint clearly demonstrates his intent to challenge the propriety of his plea agreement. Indeed, Plaintiff alleges that his plea agreement "was obtained in violation of the Sixth Amendment." Compl. at ¶ 10. He further alleges that he received ineffective assistance of counsel. *Id.* Given these allegations, Plaintiff is clearly attempting to challenge his plea agreement to circumvent the law. This is an improper action. Accordingly, under the facts and law here, the Court should grant Defendant's dispositive motion and dismiss this case with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment and dismiss this case with prejudice.

Dated: February 19, 2008.                    Respectfully Submitted,


                                             /s/   Jeffrey A. Taylor
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney


                                             /s/   Rudolph Contreras
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney


                                             /s/   John C. Truong
                                        JOHN C. TRUONG, D.C. BAR #465901
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C.  20530
                                        (202) 307-0406

                                        Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **RUSSELL CASTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 07-1816 (HHK)** |
| | ) |
| | ) |
| **EXECUTIVE OFFICE FOR** | ) |
| **UNITED STATES ATTORNEYS,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss or, in the alternative, for Summary

Judgment, Plaintiff's Opposition thereto, and the entire record herein, it is this ____ day of ____,

2008,

ORDERED that Defendant's Motion to Dismiss or, in the alternative, for Summary

Judgment be and is hereby GRANTED; and it is

FURTHER ORDERED that the above-captioned action be and is hereby DISMISSED

with prejudice.

SO ORDERED.

_____
U.S. District Judge

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 19, 2008, the foregoing Defendant's Motion to
Dismiss or, in the alternative, for Summary Judgment, along with the accompanying exhibits and
declaration, were served on *pro se* Plaintiff, by U.S. First Class Mail, with postage prepaid, and
addressed as follows:

RUSSELL CASTON
R08816-043
Yazoo City Federal Correctional Institution
P.O. Box 5000
Yazoo City, Mississippi 39194


_____
JOHN TRUONG

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|                                        |    |                                    |
| -------------------------------------- | -- | ---------------------------------- |
| **RUSSELL CASTON,**                    | )  |                                    |
|                                        | )  |                                    |
| **Plaintiff,**                         | )  |                                    |
|                                        | )  | **Civil Action No. 07-1816 (HHK)** |
|                                        | )  |                                    |
| **EXECUTIVE OFFICE FOR**               | )  |                                    |
| **UNITED STATES ATTORNEYS,**           | )  |                                    |
|                                        | )  |                                    |
| **Defendant.**                         | )  |                                    |

_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendant hereby submits the following

Statement of Material Facts As To Which There Is No Genuine Dispute.

1.     Plaintiff, Mr. Russell Caston, Registration Number 08816-043, is currently a prisoner at

the Yazoo City Federal Correctional Institution.  Complaint ("Compl.") at p. 1 (case caption).

2.      On March 23, 2006, Plaintiff entered into a plea agreement and pleaded guilty to

Possession of a Firearm by a Convicted Felon in violation of Title 18, United States Code,

Section 922(g)(1).  *See* Plea Agreement at p. 1 (Gov. Exh. H).  Plaintiff entered his guilty plea in

the United States District Court for the Southern District of Mississippi on March 23, 2006.

Compl. at p. 2.

3.     On June 29, 2006, Plaintiff was sentenced to 100 months in prison.  Compl. at ¶ 4.

4.     By letter dated April 2, 2007, Plaintiff submitted a Freedom of Information Act ("FOIA")

request for access to "a copy of the discovery material that was prepared in the [criminal case],

this includes any and 'all' investigation reports, photographs and lab reports . . . [and] . . . a copy

1

of the letter faxed to requester's attorney Sanford Knott from A.U.S.A. David H. Fulcher on or around June 9, 2006." *See* Declaration of Karen Finnegan ("Finnegan Decl.") at ¶ 7 and Gov. Exhibit A.

5.      By letter dated on or about May 4, 2007, the Executive Office for United States Attorneys ("EOUSA") acknowledged receipt of Plaintiff's request and advised Plaintiff that his request would be processed in the order it was received.  Finnegan Decl. at ¶ 8 and Gov. Exhibit B.

6.      On May 16, 2007, EOUSA sent Plaintiff a letter denying his FOIA request explaining that Plaintiff waived all rights under the FOIA when he entered a plea agreement.  Finnegan Decl. at ¶ 9 and Gov. Exhibit C.

8.      By letter dated June 14, 2007, Plaintiff appealed the EOUSA's denial of his FOIA request with Office of Information and Privacy ("OIP").  Finnegan Decl. at ¶ 11 and Gov. Exhibit E.

9.      By letter dated June 27, 2007, OIP acknowledged receipt of Plaintiff's appeal and advised Plaintiff that there was a backlog of pending appeals, and that his appeal would be processed in the order it was received.  Finnegan Decl. at ¶ 12 and Gov. Exhibit F.

10.     On August 31, 2007, OIP affirmed EOUSA's denial of Plaintiff's FOIA request on the same grounds that Plaintiff waived his rights under the FOIA because of his plea agreement. Finnegan Decl. at ¶ 13 and Gov. Exhibit G.

Dated: February 19, 2008.                Respectfully Submitted,


                                         ___/s/___Jeffrey A. Taylor_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                         ___/s/___Rudolph Contreras_____
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney

                                         ___/s/___John C. Truong_____
                                         JOHN C. TRUONG, D.C. BAR #465901
                                         Assistant United States Attorney
                                         555 Fourth Street, N.W.
                                         Washington, D.C.  20530
                                         (202) 307-0406

                                         Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL CASTON,                          )
                                         )
    Plaintiff,                       )
                                         )
        v.                   ) Civil Action No. 07-1816 (HHK)
                                         )
                                         )
EXECUTIVE OFFICE FOR UNITED              )
    STATES ATTORNEYS,                )
                                         )
    Defendant.                       )
_____  )

## DECLARATION OF KAREN M. FINNEGAN

I, Karen M. Finnegan, declare the following to be a true and correct statement of facts:

1.) I am an Attorney Advisor in the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ"). I am assigned to the component of EOUSA designated to administer the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C.§552a.

2.) Due to the nature of my official duties, I am personally familiar with the FOIA/PA request made to EOUSA by Russell Caston, which forms the basis for this litigation.

3.) My official duties include: making final disclosure determinations on records requested by an individual or organization using the FOIA/PA; ensuring compliance with the provisions of the FOIA and PA, and Department of Justice FOIA Regulation 28 C.F.R. § 16.3 *et seq*. and § 16.40 *et seq*.; and defending EOUSA's position in litigating challenges to EOUSA's initial actions.

4.) My official duties also include: acting as liaison between EOUSA and the components within the DOJ regarding FOIA/PA requests; reviewing requests for records sought from EOUSA and /or the 94 U.S. Attorney's Offices ("USAO's"); reviewing request-related correspondence; reviewing searches performed in response to requests; and reviewing proposed responses made to those requests.

5.) The statements that follow are made on the basis of my review of EOUSA's official files and records, my own personal knowledge, and the information I acquired in performing my official duties.

6.) The purpose of this declaration is to provide the Court and Plaintiff with an explanation of the handling of his access request. This declaration is submitted in support of Defendant's motion to dismiss.

## CORRESPONDENCE

7.) On April 11, 2007, EOUSA received Plaintiff's April 2, 2007, request for access to the following information:

> "1. Requester is requesting a copy of the discovery material that was prepared in the above mentioned case, this includes any and 'all' investigation reports, photographs and lab reports.
> 2. Requester is requesting a copy of the letter faxed to requester's attorney Sanford Knott from A.U.S.A. David H. Fulcher on or around June 9, 2006. This letter mentions requester's name and is related to requester's case. This letter will be used as an exhibit in requester's 2255 motion."

(See Exhibit A.)

8.) In a letter dated on or about May 4, 2007, EOUSA acknowledged receipt of Plaintiff's request and advised that it had assigned request number 07-1224 to his request. This

letter also advised Plaintiff that the U.S. Attorneys Office in the Southern District of Mississippi

("MSS") is the office that will be tasked to conduct a search for responsive records.  EOUSA

advised Plaintiff that by making the request he has agreed to pay processing fees in the amount of

$25, and that EOUSA would notify him if the fees exceeded this amount.  (See **Exhibit B.)**

      9.)  By letter dated May 16, 2007, EOUSA advised Plaintiff that pursuant to a Plea

Agreement dated March 23, 2006, he had waived his rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, pursuant to the Freedom of

Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.  EOUSA also

advised Plaintiff that he could appeal this final decision by writing to the Office of Information

and Privacy ("OIP"), United States Department of Justice, 1425 New York Avenue, Suite 11050,

Washington, D.C.  20530-0001.  (See **Exhibit C.)**

      10.)  Plaintiff inquired into the status of his request by letter dated May 21, 2007, stating

that as of the date of this letter he had not received a release determination from EOUSA.  (See

**Exhibit D.)**

      11.)  By letter dated June 14, 2007, Plaintiff filed an administrative appeal with OIP from

the May 16, 2007, action of EOUSA in response to his access request.  (See **Exhibit E.)**

      12.)  OIP acknowledged receipt of Plaintiff's appeal by letter dated June 27, 2007, and

assigned it appeal number 07-1777.  (See **Exhibit F.)**

      13.)  By letter dated August 31, 2007, OIP affirmed the action of EOUSA in response to

Plaintiff's request.  (See **Exhibit G.)**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A and G attached hereto are true and correct copies.

Executed this __14th__ day of February, 2008.

_Karen M. Finnegan_
KAREN M. FINNEGAN
Attorney Advisor
EOUSA

Certified Mail No. <u>7004 2890 0001 1071 0695</u>    RECEIVED

2007 APR 11  PM 4: 49

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

RUSSELL CASTON
Reg. No. 08816-043
F.C.C. Yazoo City
P.O. BOX 588
Yazoo City, MS. 39194


April 2, 2007


F.O.I.A./Privacy Act Unit
Executive Office for United States Attorneys
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530


RE:  "<u>Freedom of Information/Privacy Act Request</u>"

      Requester:  RUSSELL CASTON
      Case No.  3:05CR153LS
      U.S. Attorneys Office (Southern District of Mississippi)


Dear Sir/Ma'am

      Pursuant to the Freedom of Information Act, the Privacy Act of
1974,  Title 5 U.S.C. § 552(a)(3), as amended,  would you please
regard this letter as my initial request for disclosure of "clear
and legible" copies of the following information concerning the
above referenced case:

1.  Requester is requesting a copy of the discovery material that
    was prepared in the above mentioned case, this includes any and
    "all" investigation reports, photographs and lab reports.



GOVERNMENT
EXHIBIT
A

2. Requester is requesting a copy of the letter faxed to requester's attorney Sanford Knott from A.U.S.A. David H. Fulcher on or around June 9, 2006. This letter mentions requester's name and is related to requester's case. This letter will be used as an exhibit in requester's 2255 motion.

Requester will expect a response to this F.O.I.A./PA request within twenty(20) calendar days of receipt, or as required by the Act.

Requester also reserves the right to appeal any adverse response or non-disclosure action that may constitute a denial of this request.

Respectfully Submitted,

Russell Gaston

# CERTIFICATE OF IDENTITY

**PRIVACY ACT STATEMENT:** In accordance with 28 CFR 16.41, personal data sufficient to identify the individual submitting a request by mail under the **PRIVACY ACT OF 1974, 5 U.S.C 552a,** is required. The purpose of this solicitation is to ensure the records of the individuals who are subject of U.S. Department. Failure to furnish the information will result in no action being taken on the request by the System Manager.

**FULL NAME OF REQUESTER**   Russell Marquee Caston

**CURRENT ADDRESS**   P.O. BOX 5888

Yazoo City, MS. 39194

**DATE OF BIRTH**   August 19, 1975

**SOCIAL SECURTIY NUMBER**   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

**PLACE OF BIRTH**   Jackson, Mississippi (Hinds County)

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than 10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretense is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

April 2, 2007
Date

Signature

## AFFIDAVIT OF INDIGENCE

I,   Russell M. Caston   , the requester hereby declare myself to be indigent and states that the requested information is in the **"Public Interests"**, I ask that you waive any and all fees and or charges associated to this request pursuant to 5 U.S.C. 552a (1)(3) et. seq.

Signature



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester: Russell Caston        Request No.:    07-1224

Subject: Self (specific records)/MSS

      The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. Please give us this number if you write about your request. If we need additional information, we will contact you within two weeks.

      Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

      EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

      By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. Please do not send any payment at this time! If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

      If you wish to revise your request to try to reduce fees, you may use the attached form. If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited.

Sincerely,

*William G. Stewart*

William G. Stewart II
Assistant Director

**FILE**

Form No. 001 - 3/07



Requester: Russell Caston         Request Number:  07-1224

## CHOOSE ONE

___**I understand that I am entitled to the first 100 pages and 2 hours of search time free**.  Please search only up to 2 hours and process only up to 100 pages that can be released to me.

___I wish to withdraw my request.

___I wish to revise my request to try to reduce fees.  Please limit my request to the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may sometimes require more search time and fees).

___Please search only up to the following number of hours:  _____
       **I understand that search payment will be required even if no documents are located or released to me.**   In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

_____          _____
Name                                     Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530



U.S. Departm' ' of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Russell Caston
#08816-043
FCC - Yazoo City
P.O. Box 588
Yazoo City, MS 39194

MAY 1 6 2007

Re: FOIA Request #07-1224

Dear Mr. Caston:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

Pursuant to the Plea Agreement you executed on March 23,2006, you have waived all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. See Plea Agreement at ¶ 12 (d).

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)



GOVERNMENT
EXHIBIT
C

07-1816

May 21, 2007

RECEIVED

2007 JUN -6  P 12: 11

F.O.I.A./Privacy Act Unit;

c/o Executive Office for the U.S. Attorneys

950 Pennsylvania Ave. N.W.

Washington, D.C. 20530

RE:  Freedom of Information Act filed April 11, 2007

Status Request

Dear Executive Office of the U.S. Attorney:

    Please regard this letter as my initial request for a status report on a
Freedom of Information Request that was filed with your office on April 11,
2007 (See exhibit "A" attached).  As of today's date, requestor (Russell Caston)
has not received a response from this F.O.I.A. Request as required by the Act.
Will you please inform requestor of the status of his F.O.I.A. request?  If
requestor does not hear from your office  within ten(10) calendar days as re-
quired by the Act,  your non-response may constitute a request denial. Requestor
prays that he hears from you in the very near future.

    Thank you in advance for your help and time in this most important matter.

Sincerely,

Russell  Caston
Reg. No. 08816-043
F.C.C. Yazoo City
P. O. BOX 5888
Yazoo City, MS. 39194


GOVERNMENT
EXHIBIT
D

Certified Mail No. 7004 2890 0001 1071 0695

RUSSELL CASTON
Reg. No. 08816-043
F.C.C. Yazoo City
P.O. BOX 588
Yazoo City, MS. 39194

April 2, 2007

F.O.I.A./Privacy Act Unit
Executive Office for United States Attorneys
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

RE:  "Freedom of Information/Privacy Act Request"

    Requester:  RUSSELL CASTON
    Case No.  3:05CR153LS
    U.S. Attorneys Office (Southern District of Mississippi)

Dear Sir/Ma'am

    Pursuant to the Freedom of Information Act, the Privacy Act of 1974, Title 5 U.S.C. § 552(a)(3), as amended, would you please regard this letter as my initial request for disclosure of "clear and legible" copies of the following information concerning the above referenced case:

1.  Requester is requesting a copy of the discovery material that was prepared in the above mentioned case, this includes any and "all" investigation reports, photographs and lab reports.

2.  Requester is requesting a copy of the letter faxed to re-
    quester's attorney Sanford Knott from A.U.S.A. David H.
    Fulcher on or around June 9, 2006. This letter mentions re-
    quester's name and is related to requester's case. This letter
    will be used as an exhibit in requester's 2255 motion.


Requester will expect a response to this F.O.I.A./PA request within
twenty(20) calendar days of receipt, or as required by the Act.


    Requester also reserves the right to appeal any adverse re-
sponse or non-disclosure action that may constitute a denial of this
request.


                              Respectfully Submitted,

                              Russell Caston



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com.

OFFICIAL USE
Russell Gaston 08816-043

| | |
|---|---|
| Postage | $ .39 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

RECEIVED

Postmark Here

7004 2890 0001 1071 0695

Sent To F.O.I.A./Privacy Act Unit
Street, Apt. No.; Executive Office for U.S. Attorneys
or PO Box No. 950 Pennsylvania Ave. N.W.
City, State, ZIP+4 Washington, D.C. 20350

PS Form 3800, June 2002                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

F.O.I.A./Privacy Act unit
Executive Office of U.S. Attorneys
950 Pennsylvania Ave. N.W.
Washington, D.C. 20350

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Daniel L. Parker_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  APR 1 2007   C. Date of Delivery 4/11/07

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7004 2890 0001 1071 0695

PS Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

*O + - 1777*

June 14, 2007

*7OIA*
*(A)*
*SOUSA*
*#F07-1224*

Dear Office of Information and Privacy Act,
I have enclosed a copy of my Appeal Request would you please file this Appeal *Closed*
with your office. I have also enclosed a extra copy of my Appeal along with a *5/14/07*
self stamp envelope, will you please stamp showing the date your office receive *Full*
this Appeal. I would like to thank you in advance for your time and help in this *Denial*
most important matter. I pray I hear from you in the very near future.

**RECEIVED**

JUN 2 2 2007

Office of Information and Privacy

Sincerely

*Russell Caston* APP





**U.S. Departm    of Justice**

Office of Information and Privacy

RECEIVED

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

JUN 2 7 2007

Mr. Russell Caston
Register No. 08816-043
Federal Correctional Complex
P.O. Box 5888
Yazoo City, MS 39194

      Re:  Request No. 07-1224

Dear Mr. Caston:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on June 22, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1777**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                     Sincerely,

                     Priscilla Jones
                     Supervisory Administrative Specialist



GOVERNMENT EXHIBIT
F



U.S. Departme__ of Justice

Office of Information and Privacy
RECEIVED

Telephone: (202) 514-3642                    Washington, D.C. 20530   2007 AUG 31  PM 2:46

AUG 3 1 2007

Mr. Russell Caston
Register No. 08816-043
Federal Correctional Complex
P.O. Box 5888                        Re:  Appeal No. 07-1777
Yazoo City, MS 39194                      Request No. 07-1224  DAS
                                          KAH:CF

Dear Mr. Caston:

        You appealed from the denial of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to your criminal case with the
United States District Court for the Southern District of Mississippi.

        After carefully considering your appeal, I am affirming EOUSA's action. EOUSA
determined that under the terms of a signed plea agreement filed with the United States District
Court for the Southern District of Mississippi on March 23, 2006, you had waived all rights to
make any request or receive any records concerning your case. It has been determined that
EOUSA's response was correct. Statutory provisions are presumed to be subject to waiver by
voluntary agreement, "absent some affirmative indication in the statute of Congress' intent to
preclude waiver." United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (citing Evans v. Jeff
D., 475 U.S. 717, 730-32 (1986)). Neither the Freedom of Information Act nor the Privacy Act
contains any indication that Congress intended to preclude waiver. See 5 U.S.C. §§ 552 and
552a, respectively. Consequently, for purposes of your request, the waiver of your FOIA and
Privacy Act rights contained in your plea agreement is presumed to be valid, and EOUSA
properly denied your request.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director



GOVERNMENT
EXHIBIT
G

| Subject | Date | |
|---|---|---|
| **United States v. Russell Caston** **Criminal No. 3:05-CR-0153 TSL JCS** United States District Court for the Southern District of Mississippi | March 22, 2006 |  |

**To:**
Sanford Knott
Sanford Knott & Associates, PA
P. O. Box 1208
Jackson, MS 39215-1208

**From:**
Dave Fulcher
Assistant United States Attorney
Southern District of Mississippi
Criminal Division



## PLEA AGREEMENT

RUSSELL CASTON, defendant herein, and SANFORD KNOTT, Attorney for Mr. CASTON have been notified that:

### 1. Defendant's Obligations

If the defendant tenders a plea of guilty to the indictment charging him with Possession of a Firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1);

### 2. Government's Obligations.

    **a.**    Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will:

        (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing;

        (ii) recommend that the Court impose a sentence within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court;

        (iii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing; and

        (iv) ask the District Attorney of Hinds County, Mississippi to remand to the file any pending charges for possession of the firearm on August 1, 2005, by the defendant or the possession of the narcotics recovered from the defendant on August 1, 2005. The government's only obligation is to make this request, and this plea agreement is not conditioned on any specific response to this request by the Hinds County District Attorney.



GOVERNMENT
EXHIBIT
H

**UNITED STATES vs. RUSSELL CASTON**                                **MARCH 22, 2006**

b.     Because of the timely nature of the notice of Defendant's intent to enter a plea of guilty, the government will recommend an additional one-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2), should he otherwise qualify for the two-level downward adjustment for acceptance of responsibility, for a total downward adjustment of three levels.

**3. Count of Conviction.** It is understood that, as of the date of this plea agreement, the defendant and his attorney have indicated that the defendant desires to plead guilty to the indictment charging him with Possession of a Firearm by a Convicted Felon.

**4. Sentence.** Defendant understands that the penalty for the offense charged in the indictment charging a violation of Title 18, United States Code, Section 922(g)(1), is up to a ten year term of imprisonment, a fine of up to $250,000.00, and a term of supervised release of at least two years but not more than three years; the Defendant further understands that a term of supervised release will be imposed, and that the term will be in addition to any prison sentence imposed; further, if any of the terms of supervised release are violated, the Defendant may be returned to prison for the entire term of supervised release without any credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions. Further, the defendant acknowledges as to 18 U.S.C. § 922(g)(1), that should the government prove that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then the penalty shall be a term of imprisonment not less than 15 years nor more than life, and fine of up to $250,000.00, pursuant to §924(e), Title 18, United States Code. It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law. Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

**5. This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph Number 2.

**6. Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

**7. Limit on Further Prosecution.** It is further understood that the U.S. Attorney's Office will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by

**UNITED STATES vs. RUSSELL CASTON**                                    **MARCH 22, 2006**

Defendant to this Office as of the date of this Agreement arising out of any event covered by the indictment referenced in Paragraph No. 1 (except that the matters referred to in the indictment may be used as relevant conduct in computing the applicable Sentencing Guidelines range), if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has. Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office is free to seek prosecution of Defendant. This plea agreement does not provide any protection against prosecution for any crimes except as set forth above, nor does it provide protection for prosecution for any crime of violence committed by Defendant.

**8. Breach of This Agreement.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any other crimes, the representations by the United States in Paragraph Number 2 above are rescinded, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney's Office has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

**9. Binding Effect On This District Only.** It is further understood that this plea agreement does not bind any state or local prosecuting authorities or any other federal district except as to the use of Defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

**10. Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title18, United States Code, Section 3013, to the Office of the United States District Court Clerk; the defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or the U.S. Probation Office. If the defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**11. Further Crimes.** It is further understood that should Defendant commit any further crimes, this plea agreement shall be deemed violated and he shall be subject to prosecution for any

**UNITED STATES vs. RUSSELL CASTON**                    **MARCH 22, 2006**

federal criminal violation of which this office has knowledge, and that any information provided by him may be used against him.

12. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

  a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

  b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

  c. any right to seek attorneys fees and/or costs under the "Hyde Amendment,"·as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

  d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth in Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

  e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

  The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

13. **Future Direct Contact With Defendant.** Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact

**UNITED STATES vs. RUSSELL CASTON**                                          **MARCH 22, 2006**

with Defendant during any period of incarceration, probation, and supervised release. Further,
Defendant and his attorney understand that it is essential that defense counsel contact the
Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case
to confirm in writing whether defense counsel will continue to represent Defendant in this case
and in matters involving the collection of the financial obligations imposed by the Court. If the
U.S. Attorney's Office does not receive any written acknowledgment from defense counsel
within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney's Office
will presume that defense counsel no longer represents the defendant and the Financial Litigation
Unit will communicate directly with the defendant regarding collection of the financial
obligations imposed by the Court. Defendant and his attorney understand and agree that such
direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant
if defense counsel fails to notify the U.S. Attorney's Office of any continued legal representation
within two weeks after the date of entry of the Judgment in this case.

**14.  Complete Agreement.**  It is further understood that this plea agreement completely reflects
all promises, agreements and conditions made by and between the United States Attorney's
Office for the Southern District of Mississippi and Defendant.

*DEFENDANT AND HIS ATTORNEY OF RECORD FURTHER DECLARE THAT THE*
*TERMS OF THIS AGREEMENT HAVE BEEN:*

> *1) READ BY OR TO HIM;*
> *2) UNDERSTOOD BY HIM OR EXPLAINED TO HIM BY HIS ATTORNEY; AND*
> *3) VOLUNTARILY ACCEPTED BY HIM.*

WITNESS OUR SIGNATURES, as set forth below.

DUNN LAMPTON
United States Attorney

By: Dave Fulcher                                          3/23/06
Assistant United States Attorney                          Date

Russell Caston                                            3/23/06
Defendant                                                 Date

Sanford Knott                                             3/23/06
Attorney for Defendant                                   Date