**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED

MAR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RUSSELL CASTON,
         Plaintiff,

Civil Action 07-1816-(HHK)

v.


EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEY'S,
         Defendant.

---

PLAINTIFF RESPONSE AND OPPOSING AFFIDAVIT
TO DEFENDANT'S MOTION TO DISMISS/SUMMARY JUDGMENT

**COME NOW** the plaintiff Russell Caston, pro-se, and Respect-
fully submit his response to the Defendant's motion to Dismiss/
Summary Judgement.

In support of this motion, Plaintiff respectfully refers
the court to the accompanying statements of material facts that
is in dispute, the Declaration of Russell Caston, and the
attached Exhibits.

Plaintiff will put forth specifi facts showing that there
is a genuine issue for trial. See Federal Rule Civil Proceedures
56(e)(1).


Dated: _Merch  4_ 2008

Respectfully Submitted

Russell Caston
Reg No. 00816-043
FCC YAZOO CITY
P.O. BOX 5888
YAZOO CITY, MS 39194

## CERTIFICATE OF SERVICE

I, _Russell Caston_ , hereby certify that a true and correct copy of the foregoing response and opposing affidavit has been sent on this ___ day of March 2008, via the United States mail postage pre-paid to the following address:

EXECUTIVE OFFICE FOR THE UNITED STATES
ATTORNEY FREEDOM OF INFORMATION OR PRIVACY-STAFF
600 E. Street, N.W., Suite #7300
BICENTENNIAL BUILDING
WASHINGTON, DC 20530-0001

Dated: _March 4, 2008_

_Russell Caston._

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RUSSELL CASTON,
        Plaintiff,

                                    Civil Action 07-1816 (HHK)

v.


EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS,
        Defendant.
_____

### DEFENDANTS STATEMENT OF MATERIAL FACTS TO WHICH THERE ARE GENUINE ISSUES IN DISPUTE FOR TRIAL

    Pursuant to Local Rules 7(h), plaintiff hereby submits the following statement of material facts as the the genuine issues in dispute for trial.

1.  The Freedom of Information Act waiver in plaintiff plea agreement was unknowingly and involuntarly enter into because no one explained to plaintiff that he was waving his rights to receive information under Title 5 U.S.C. 552(a).  **See** Plea Hearing Transcript and Sentencing Hearing Transcript attached as Exhibit "P-2P. and "P-3".

2.  Plaintiff is not challenging his plea agreement, plaintiff is challenging the withholding of Documents under a section of the plea agreement, that is related to the Freedom of Information Act Title 5 U.S.C. 55(a).

3. On March 23, 2006, plaintiff and defendant reached an agreement, plaintiff unknowingly and involuntarily waived his right under the Freedom Of Information Act, Title 5, United States Code, Section 552(a), to request records pertaining to the investigation of his case.

4. Plaintiff's Attorney was ineffective during the negotiation of the waiver and labored under an actual conflict of interest.

5. The requested information would show that plaintiffs attorney was ineffective during the negotiation of the F.I.O.A waiver itself.


Dated: _March 4,_ 2008

Respectfully Submitted

_Russell Caston_
Russell Caston
Reg No. 08816-043
F.C.C. YAZOO
P.O. BOX 5888
YAZOO CITY, MS 39194

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


RUSSELL CASTON,
     Plaintiff,

                        Civil Action No. 07-1816 (HHK)

v.


EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS,
     Defendant.
_____


MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S RESPONSE AND
STATEMENT OF MATERIAL FACTS IN DISPUTE.

## I.   INTRODUCTION.

Plaintiff Russell Caston, filed a Freedom of Information Privacy Act dated April 2, 2007, for access to records in the custody of Executive Office For United States Attorneys that pertain to him and his criminal case. **See** FOIA request as Exhibit P-4, Attached. On May 16, 2007, defendant sent plaintiff a letter denying his FOIA request, explaining that plaintiff waived all rights under the FOIA when he entered a plea agreement.

And On June 14, 2007, plaintiff appealed Defendant denial of his FOIA request. **See** Exhibit P-5 attached. On August 31, 2007, defendant denied plaintiffs FOIA request on the same grounds that plaintiff waived his rights under the FOIA because of his plea agreement.

## II.  FACTUAL BACKGROUND.

On March 23, 2006, plaintiff Russell Caston entered into a plea agreement where he pleaded quilty to possession of a Firearm by a convicted felon in violation of 18 U.S.C. 922(g) (1).  **See** Plea Agreement attached as Exhibit P-6, as part of his plea, plaintiff unknowingly and involuntarly waived his right to seek documents under FOIA.

## III.  ARGUMENT.

The Government agency in this case has failed to use the several exemptions enacted by congress.  But instead relyed on a plea agreement to withhold the requested information.

The denial of plaintiff's FOIA request pursuant to the plea agreement in plaintiff criminal case was erroneously withheld and in violation of plaintiff's Constitutional Rights under Title 5 U.S.C. 552(a).  A claim of unknowingly and un-voluntarily waiver of a right under 5 U.S.C. 552(a) should survive a plea waiver.

The waiver results in a miscarriage of justice.  **See** United States v. Attar, 38 F.3d 727, 732 (4th Cir 1994), United State v. Henderson, 72 F.3d 463, 5th Cir. 1995.

The valitity of an FOIA waiver rest on whether it was made knowingly and volutarily.

Before accepting a plea agreement, Fed.R.Crim.P. "requires the trial court to discuss with the defendant" a host of issues, including the waiver of certain constitutional rights.  The record contains no evidence that the court or anyone else

explained to plaintiff that he was waiving his rights under Title 5 U.S.C.  The question of an effective waiver of a Federal Constitutional right in a proceeding is, of course, governed by Federal Standards.  "Boykin v. Alabama, 395 U.S. 238, 238, 242-43, 89 S.Ct 1712, 23 L.Ed 2d 274 (1969).  Severa; Constitutional Rights are involved in a waiver that takes place when a plea of quilty is entered ---" Id.

For this waiver to be valid under the Due Process Clause, it must be "An intentional relinguishment or abandonment of a known right or privilege." Id., quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed 1461 (1938)."

Consequently, if a defendant's quilty plea is not equally voluntary and knowing, it has been obtained in violation of due process, and is, therefore, void.  Boykin at 243, 1712.

## IV.  CONCLUSION.

For the foregoing reason, plaintiff prays this Honorable Court will set this matter for trial.

Respectfully Submitted

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


RUSSELL CASTON,
        Plaintiff,

                                    Civil Action. 07-1816 (HHK)


v.


EXECUTIVE OFFICE FOR UNITED
STATES ATTORNEYS
_____Defendant._____


## DECLARATION OF RUSSELL CASTON

I, Russell Caston, decalre the following to be a true and
correct statement of facts:

1.  The statement that follows are made on the basis of my
personal knowledge.

2.  The purpose of this declaration is to provide the court
with information on the waiver of my rights under Title 5
U.S.C. 552(a). (F.O.I.A.)

3.  No one never explained to plaintiff during the signing of
his plea the meaning of Title 5 U.S.C. 552(a), nor did anyone
informed plaintiff that by signing the plea he was waiving
his rights under Title 5 U.S.C. 552(a).

I state under penalty and perjury that the waiver of my
rights under Title 5 U.S.C. 552(a) was unknowingly and invol-
untary because no one explained the right I was waiving under
Title 5 U.S.C. 552(a), if I would have known I was waiving

my right to receive information under Title 5 U.S.C. 552(a),
I would not have signed the plea.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of
perjury that the foregoing is true and correct, and the Exhibits
attached hereto are true and correct copys.

Exected this __4__ day of March,
2008.

Plaintiff, Russell Caston.

Certified Mail No. <u>7004 2890 0001 1071 0695</u>


RUSSELL CASTON
Reg. No. 08816-043
F.C.C. Yazoo City
P.O. BOX 588
Yazoo City, MS. 39194


April 2, 2007


F.O.I.A./Privacy Act Unit
Executive Office for United States Attorneys
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530


RE:   "<u>Freedom of Information/Privacy Act Request</u>"

        Requester:  RUSSELL CASTON
        Case No.  3:05CR153LS
        U.S. Attorneys Office (Southern District of Mississippi)


Dear Sir/Ma'am

        Pursuant to the Freedom of Information Act, the Privacy Act of
1974,  Title 5 U.S.C. § 552(a)(3), as amended,  would you please
regard this letter as my initial request for disclosure of "clear
and legible" copies of the following information concerning  the
above referenced case:

1.   Requester is requesting a copy of the discovery material that
     was prepared in the above mentioned case, this includes any and
     "all" investigation reports, photographs and lab reports.

2.   Requester is requesting a copy of the letter faxed to re-
     quester's attorney Sanford Knott from A.U.S.A. David H.
     Fulcher on or around June 9, 2006.  This letter mentions re-
     quester's name and is related to requester's case.  This letter
     will be used as an exhibit in requester's 2255 motion.


Requester will expect a response to this F.O.I.A./PA request within

twenty(20) calendar days of receipt, or as required by the Act.


     Requester also reserves the right to appeal any adverse  re-

sponse or non-disclosure action that may constitute a denial of this

request.




                              Respectfully Submitted,


                              Russell Caston

## CERTIFICATE OF IDENTITY

**PRIVACY ACT STATEMENT:** In accordance with 28 CFR 16.41, personal data sufficient to identify the individual submitting a request by mail under the **PRIVACY ACT OF 1974, 5 U.S.C 552a**, is required. The purpose of this solicitation is to ensure the records of the individuals who are subject of U.S. Department. Failure to furnish the information will result in no action being taken on the request by the System Manager.

**FULL NAME OF REQUESTER** Russell Marquee Caston

**CURRENT ADDRESS**  P.O. BOX 5888

Yazoo City, MS. 39194

**DATE OF BIRTH**  August 19, 1975

**SOCIAL SECURTIY NUMBER**  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

**PLACE OF BIRTH**  Jackson, Mississippi (Hinds County)

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than 10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretense is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

April 2, 2007
_____
Date

_____
Signature

## AFFIDAVIT OF INDIGENCE

I, _____Russell M. Caston_____, the requester hereby declare myself to be indigent and states that the requested information is in the **"Public Interests"**, I ask that you waive any and all fees and or charges associated to this request pursuant to 5 U.S.C. 552a (1)(3) et. seq.

_____
Signature

U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

MAY 16 2007

Russell Caston
#08816-043
FCC - Yazoo City
P.O. Box 588
Yazoo City, MS 39194

Re: FOIA Request #07-1224

Dear Mr. Caston:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official recordkeeper for all records located in this office and the various United States Attorneys' offices. To provide the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

Pursuant to the Plea Agreement you executed on March 23, 2006, you have waived all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. See Plea Agreement at ¶ 12 (d).

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. §16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

Russell Caton
Reg No. 08816-043
F.C.C Yazoo City
P.o Box 5888
Yazoo City, Ms 39194


June 8, 2007


Office of Information and Privacy,
United States Department of Justice,
1425 New York Avenue, Suite # 11050
Washington, D.C 20530-0001


RE:    **Freedom of Information/Privacy Act Appeal** :


Requester is appealing the denial of the withheld documents pursuant to the plea

agreement, that was excuted on March 23, 2006. See Exhibit " G " Attached.

1.    Requester, Russell Caston, filed a Freedom of Information Privacy Act,
dated April 2, 2007, for access to records in the custody of Executive office
for United States Attorneys that pertain to him and his criminal case.
Criminal Case No. 3:05 CR-153LS.


2.    On May 16, 2007, the Executive office for United States Attorneys denied
Requester access to the requested information. This information was withheld
pursuant to the Plea Agreement requester enter into with the United States
Attorneys Office on March 23, 2006. See Exhibit " A ".


3.    The denial of these documents pursuant to the plea agreement in requester
criminal case was erroneously withheld and in violation of requester constitutional
right, as well as Title 5 U.S.C 552 (a) (3). Congress established F.O.I.A. to allow
private persons to access to Government records and thereby be informed about "what
their Government is up to. See U.S Dep't of Justice v. Reporters Comm. For Freedom
of Press, 489 U.S 749, 773, 103 L.ed.2d 774, 109 S. Ct. 1468 ( 1989 ).
Congress also recogniezed, that the disclosure of certain information "May harm
legitimate governmental or private interests" and accordingly enacted several
exemptions to the F.O.I.A disclosure requirements.

4.    The Government agency in this case failed to use the several exemptions
enacted by congress, but instead relied on a plea agreement to withhold the
requested information. The requested information is favorable to requester
pending 28 U.S.C 2255 motion. The Government actions in withholding this informaion
violates requesters due-process, when it suppresses material evidence that will
show the court, requester six amendment right was violated during the negotiation
of his plea agreement and the waiver itself. Request is in need of this information,
to show the court his attorney (Sanford Knott) and the A.U.S.A David Fulcher, was
fully aware that requester attorney was acting under the influence of an actual -
conflict of interest, that adversely affected counselor's performace. **Ex."D"**

5.    Requester signed a plea  agreement under which he agreed to waive his right
to request information under the Freedom of Information Act, set forth at Title
5, U.S.C ¶ 552 (a). Requester waiver itself was tainted by the ineffective assistance
of his counsel during the negotiation of the waiver. Requester argue that the ineffec-
tive, of his counsel rendered his waiver under Title 5 U.S.C 552 (a) unknowing and
involuntary.

### Statement of Relief Sought

Requester respectfully request that his F.O.I.A request be remanded back for further
processing of the responsive records. And those additional records that can be relea-
se, be released to requester.

### Conclusion

Wherefore, requester prays this office make available to him the much needed infor-
mation. I would like to thank you in advance for your help and time in this most
important matter.

Sincerely

(2)

| Subject | Date | |
|---|---|---|
| **United States v. Russell Caston**<br>**Criminal No. 3:05-CR-0153 TSL JCS**<br>United States District Court for the<br>Southern District of Mississippi | March 22, 2006 |  |

| To: | From: | |
|---|---|---|
| Sanford Knott<br>Sanford Knott & Associates, PA<br>P. O. Box 1208<br>Jackson, MS 39215-1208 | Dave Fulcher<br>Assistant United States Attorney<br>Southern District of Mississippi<br>Criminal Division |  |

SOUTHERN DISTRICT OF MISSISSIPPI<br>F I L E D<br>MAR 2 4 2006<br>J. T. NOBLIN, CLERK<br>BY_____ DEPUTY

**PLEA AGREEMENT**

RUSSELL CASTON, defendant herein, and SANFORD KNOTT, Attorney for Mr. CASTON have been notified that:

### 1. Defendant's Obligations

If the defendant tenders a plea of guilty to the indictment charging him with Possession of a Firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1);

### 2. Government's Obligations.

    a.    Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will:

    (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing;

    (ii) recommend that the Court impose a sentence within the lower 50% of the applicable Sentencing Guidelines range as computed by the Court;

    (iii) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing; and

    (iv) ask the District Attorney of Hinds County, Mississippi to remand to the file any pending charges for possession of the firearm on August 1, 2005, by the defendant or the possession of the narcotics recovered from the defendant on August 1, 2005. The government's only obligation is to make this request, and this plea agreement is not conditioned on any specific response to this request by the Hinds County District Attorney.

**Page 1 of 5**

**UNITED STATES vs. RUSSELL CASTON**                    **MARCH 22, 2006**

      b.      Because of the timely nature of the notice of Defendant's intent to enter a plea of guilty, the government will recommend an additional one-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2), should he otherwise qualify for the two-level downward adjustment for acceptance of responsibility, for a total downward adjustment of three levels.

**3. Count of Conviction.** It is understood that, as of the date of this plea agreement, the defendant and his attorney have indicated that the defendant desires to plead guilty to the indictment charging him with Possession of a Firearm by a Convicted Felon.

**4. Sentence.** Defendant understands that the penalty for the offense charged in the indictment charging a violation of Title 18, United States Code, Section 922(g)(1), is up to a ten year term of imprisonment, a fine of up to $250,000.00, and a term of supervised release of at least two years but not more than three years; the Defendant further understands that a term of supervised release will be imposed, and that the term will be in addition to any prison sentence imposed; further, if any of the terms of supervised release are violated, the Defendant may be returned to prison for the entire term of supervised release without any credit for any time already served on the term of supervised release prior to the Defendant's violation of those conditions.  Further, the defendant acknowledges as to 18 U.S.C. § 922(g)(1), that should the government prove that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then the penalty shall be a term of imprisonment not less than 15 years nor more than life, and fine of up to $250,000.00, pursuant to §924(e), Title 18, United States Code.  It is further understood that the Court may require Defendant to pay restitution in this matter in accordance with applicable law.  Defendant further understands that he is liable to make restitution for the full amount of the loss determined by the Court to constitute relevant conduct, which amount is not limited to the count of conviction.

**5. This Agreement Does *Not* Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph Number 2.

**6. Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate.  Defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above.

**7. Limit on Further Prosecution.** It is further understood that the U.S. Attorney's Office will seek no further criminal prosecutions of Defendant for any acts or conduct disclosed by

**UNITED STATES vs. RUSSELL CASTON**                              **MARCH 22, 2006**

Defendant to this Office as of the date of this Agreement arising out of any event covered by the indictment referenced in Paragraph No. 1 (except that the matters referred to in the indictment may be used as relevant conduct in computing the applicable Sentencing Guidelines range), if Defendant voluntarily, truthfully and completely discloses all information and knowledge that Defendant has. Should Defendant not voluntarily and completely disclose, then as to that matter, the U.S. Attorney's Office is free to seek prosecution of Defendant. This plea agreement does not provide any protection against prosecution for any crimes except as set forth above, nor does it provide protection for prosecution for any crime of violence committed by Defendant.

**8. Breach of This Agreement.** It is further understood that should Defendant fail or refuse as to any part of this plea agreement or commit any other crimes, the representations by the United States in Paragraph Number 2 above are rescinded, and Defendant's breach shall be considered sufficient grounds for the pursuit of any prosecutions which the U.S. Attorney's Office has not sought as a result of this plea agreement, including any such prosecutions that might have been dismissed or otherwise barred by the Double Jeopardy Clause.

**9. Binding Effect On This District Only.** It is further understood that this plea agreement does not bind any state or local prosecuting authorities or any other federal district except as to the use of Defendant's statements voluntarily given hereunder; further, this agreement does not bind the Attorney General of the United States in regard to any matter, civil or criminal, involving the tax statutes of the United States.

**10. Financial Obligations.** It is further understood and specifically agreed to by Defendant that, at the time of the execution of this document or at the time the plea is entered, Defendant will then and there pay over the special assessment of $100.00 per count required by Title 18, United States Code, Section 3013, to the Office of the United States District Court Clerk; the defendant shall thereafter produce proof of payment to the U.S. Attorney's Office or the U.S. Probation Office. If the defendant is adjudged to be indigent, payment of the special assessment at the time the plea is entered is waived, but Defendant agrees that it may be made payable first from any funds available to Defendant while he is incarcerated. The Defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in Section 3613. Furthermore, the Defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**11. Further Crimes.** It is further understood that should Defendant commit any further crimes, this plea agreement shall be deemed violated and he shall be subject to prosecution for any

**UNITED STATES vs. RUSSELL CASTON**                    **MARCH 22, 2006**

federal criminal violation of which this office has knowledge, and that any information provided by him may be used against him.

12. **Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

 a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and

 b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case, and

 c. any right to seek attorneys fees and/or costs under the "Hyde Amendment," as codified in Title 18, United States Code, Section 3006A, and the defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith, and

 d. all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a.

 e. Defendant further acknowledges and agrees that any factual issues regarding the sentencing will be resolved by the sentencing judge under a preponderance of the evidence standard, and Defendant waives any right to a jury determination of these sentencing issues. Defendant further agrees that, in making its sentencing decision, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial.

 The Defendant waives these rights in exchange for the recommendations and concessions made by the United States Attorney in this agreement.

13. **Future Direct Contact With Defendant.** Defendant and his attorney acknowledge that if forfeiture, restitution, a fine, or special assessment or any combination of forfeiture, restitution, fine, and special assessment is ordered in Defendant's case that this will require regular contact

**UNITED STATES vs. RUSSELL CASTON**                    **MARCH 22, 2006**

with Defendant during any period of incarceration, probation, and supervised release.  Further,
Defendant and his attorney understand that it is essential that defense counsel contact the
Financial Litigation Unit of the U.S. Attorney's Office immediately after sentencing in this case
to confirm in writing whether defense counsel will continue to represent Defendant in this case
and in matters involving the collection of the financial obligations imposed by the Court.  If the
U.S. Attorney's Office does not receive any written acknowledgment from defense counsel
within two weeks from the date of the entry of Judgment in this case, the U.S. Attorney's Office
will presume that defense counsel no longer represents the defendant and the Financial Litigation
Unit will communicate directly with the defendant regarding collection of the financial
obligations imposed by the Court.  Defendant and his attorney understand and agree that such
direct contact with Defendant shall not be deemed an improper *ex parte* contact with Defendant
if defense counsel fails to notify the U.S. Attorney's Office of any continued legal representation
within two weeks after the date of entry of the Judgment in this case.

**14.  Complete Agreement.**  It is further understood that this plea agreement completely reflects
all promises, agreements and conditions made by and between the United States Attorney's
Office for the Southern District of Mississippi and Defendant.

*DEFENDANT AND HIS ATTORNEY OF RECORD FURTHER DECLARE THAT THE*
*TERMS OF THIS AGREEMENT HAVE BEEN:*

> *1) READ BY OR TO HIM;*
> *2) UNDERSTOOD BY HIM OR EXPLAINED TO HIM BY HIS ATTORNEY; AND*
> *3) VOLUNTARILY ACCEPTED BY HIM.*

WITNESS OUR SIGNATURES, as set forth below.

DUNN LAMPTON
United States Attorney


By: Dave Fulcher                    3/23/06
Assistant United States Attorney    Date


Russell Caston                      3/23/06
Defendant                           Date


Sanford Knott                       3/23/06
Attorney for Defendant              Date

Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| | | |
|---|---|---|
| United States District Court | **SOUTHERN DISTRICT OF MISSISSIPPI**<br>F I L E D<br>District<br>MAY 1 5 2007<br>J T NOBLIN, CLERK<br>BY_____ DEPUTY | 3:07CV274 TSL<br>Southern Mississippi |
| Name (under which you were convicted):<br>Russell Caston | | Docket or Case No.:<br>3:05CR153LS |
| Place of Confinement:<br>F.C.C Yazoo City, P.o Box-5888, Ms. | | Prisoner No.:<br>08816-043 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br>Russell Caston |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

    _District Court Southern District of Mississippi_

    _____

    _____

    (b) Criminal docket or case number (if you know): ___3:05CR153LS_____

2. (a) Date of the judgment of conviction (if you know): _March 23, 2006_____

    (b) Date of sentencing: ___June 29, 2006_____

3. Length of sentence: ____100-Months_____

4. Nature of crime (all counts): _18 U.S.C 922 (g) (1)_____

    _____

    _____

    _____

    _____

5. (a) What was your plea? (Check one)

    (1)  Not guilty ☑         (2)  Guilty ☐         (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to? _____

    _____

    _____N/A_____

    _____

    _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                                      _Washington, D.C. 20530_

**AUG 3 1 2007**

Mr. Russell Caston
Register No. 08816-043
Federal Correctional Complex          Re:  Appeal No. 07-1777
P.O. Box 5888                               Request No. 07-1224
Yazoo City, MS 39194                        KAH:CF

Dear Mr. Caston:

     You appealed from the denial of the Executive Office for United States Attorneys
(EOUSA) on your request for access to certain records pertaining to your criminal case with the
United States District Court for the Southern District of Mississippi.

     After carefully considering your appeal, I am affirming EOUSA's action.  EOUSA
determined that under the terms of a signed plea agreement filed with the United States District
Court for the Southern District of Mississippi on March 23, 2006, you had waived all rights to
make any request or receive any records concerning your case.  It has been determined that
EOUSA's response was correct.  Statutory provisions are presumed to be subject to waiver by
voluntary agreement, "absent some affirmative indication in the statute of Congress' intent to
preclude waiver." United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (citing Evans v. Jeff
D., 475 U.S. 717, 730-32 (1986)).  Neither the Freedom of Information Act nor the Privacy Act
contains any indication that Congress intended to preclude waiver.  See 5 U.S.C. §§ 552 and
552a, respectively.  Consequently, for purposes of your request, the waiver of your FOIA and
Privacy Act rights contained in your plea agreement is presumed to be valid, and EOUSA
properly denied your request.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                Sincerely,

                Janice Galli McLeod
                Associate Director