UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RUSSELL CASTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1816 (HHK) |
| EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I.      Introduction.**

In this Freedom of Information Act ("FOIA") action, *pro se* prisoner Plaintiff seeks documents pertaining to himself which allegedly show that his attorney was ineffective during plea negotiations and in the execution of his plea agreement. As explained in Defendant's dispositive motion, Plaintiff's FOIA claim lacks merit because he knowingly and voluntarily waived all rights to seek documents under the FOIA when he and his attorney executed the plea agreement. Defendant further maintains that Plaintiff's FOIA action is a "back door" attempt to challenge his plea agreement and that the FOIA is not a proper vehicle to achieve that end.

In response, Plaintiff's Opposition argues that he is not challenging the plea agreement but is only asserting that Defendant violated the FOIA in relying on his waiver to deny him access to documents. Plaintiff's argument is unavailing because his plea agreement explicitly indicated that he agreed to waive his rights under the FOIA.

Furthermore, the FOIA is not the only vehicle for Plaintiff to obtain information to

support his claim of ineffective assistance of counsel. Specifically, Plaintiff has filed a motion under 28 U.S.C. § 2255 and, in connection with that motion, he could seek civil discovery to obtain the necessary information to buttress his claim. Therefore, Plaintiff is not prejudiced due to Defendant's denial of his FOIA request.

For these reasons, which are elaborated further below, the Court should grant Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and dismiss this case with prejudice.

**II.     Argument.**

    **A.     Plaintiff's Plea Agreement Is Dispositive Here.**

Defendant's dispositive motion maintains that Plaintiff's FOIA request is an attempt to challenge his plea agreement by claiming that he unknowingly and involuntarily waived his rights under the FOIA. See Def. Mot. at 5-7 (Dkt. No. 11). In response, Plaintiff's Opposition argues that he is not challenging his plea agreement, but merely is asserting that Defendant violated the FOIA by not disclosing the requested documents. See Opp. at Dkt. 13 ECF p. 3 (para. 2).[1] Plaintiff further maintains that he needs the documents to show that his attorney was ineffective during the negotiation of the FOIA waiver itself. Id. at ECF p. 4 (para. 5). Notwithstanding Plaintiff's denial that he is challenging his plea agreement, Plaintiff's arguments and conduct suggest that he is attacking his plea agreement.

Plaintiff argues that he entered into the plea agreement unknowingly and involuntarily because "no one explained to plaintiff that he was waving [sic] his rights to receive information

---

[1] Since Plaintiff fails to paginate his Opposition, Defendant will cite to the "ECF" page number on top of each page.

under Title 5 U.S.C. 552(a)." See Declaration of Russell Caston at ¶ 3 (Dkt. No. 13 at ECF p. 8). Plaintiff then asserts that "if a defendant's guilty plea is not equally voluntary or knowing, it has been obtained in violation of due process, and is, therefore void." See Docket No. 13 at ECF p. 7. Moreover, in May 2007, Plaintiff filed a 28 U.S.C. § 2255 Motion with the United States District Court for the District of Southern Mississippi to vacate or set aside his sentence. See Dkt. No. 13-2 at ECF p. 9. These facts clearly reveal Plaintiff's true motive – namely to challenge his plea agreement.

As explained in Defendant's dispositive motion, the FOIA is not a proper legal vehicle to challenge Plaintiff's plea agreement. Def. Mot. at 5-7. Indeed, the proper course of action is for Plaintiff to file a motion under 28 U.S.C. § 2255 (id. (citing cases)), which Plaintiff has already done. See Dkt. No. 13-2 at ECF p. 9. Therefore, under the law, Plaintiff's FOIA complaint must be dismissed.

Plaintiff's Opposition also asserts that the agency "failed to use the several exemptions enacted by congress. But instead relyed [sic] on a plea agreement to withhold the requested information." See Dkt. No. 13 ECF p. 6. Plaintiff's argument misses the point.

Plaintiff's waiver of his rights under the FOIA is consistent with the law. It is well established that statutory provisions are presumed to be subject to waiver by voluntary agreement, "absent some affirmative indication in the statute of Congress' intent to preclude waiver." United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (citing Evans v. Jeff D., 475 U.S. 717, 730-32 (1986)). The language of FOIA does not suggest that Congress intended to preclude waiver of the FOIA provisions. See 5 U.S.C. § 552. Therefore, under the law,

Defendant properly relied upon Plaintiff's waiver to deny his FOIA request.[2]

Undeterred, Plaintiff cites United States v. Attar, 38 F.3d 727 (4th Cir. 1994), and United States v. Henderson, 72 F.3d 463 (5th Cir. 1995), for the proposition that the waiver of his rights under the FOIA "results in a miscarriage of justice." See Docket No. 13 at ECF p. 6. These cases are inapposite here because they dealt with a defendant's general waiver of the right to appeal and how such a waiver affects a defendant's right to appeal on Sixth Amendment right to counsel grounds. See Attar, 38 F.3d at 732 (noting that a general waiver of a right to appeal a sentence may not constitute a waiver of a right to appeal a sentence based on the Sixth Amendment right to counsel); Henderson, 72 F.3d at 465 (noting that a general waiver of appeal in a plea agreement should not be construed to waive appeal based on claims of ineffective assistance of counsel).

The bottom line is that Plaintiff and his attorney signed the plea agreement, which contains a waiver of his right to obtain documents under the FOIA. The clear and simple language of the plea agreement is prima facie evidence that Plaintiff knowingly and voluntarily accepted the terms of the agreement. See United States. v. McGee, 2002 WL 1585607, *1 (E.D.La. July 16, 2002) (noting that defendant's signature on a plea agreement is prima facie proof of the validity of the plea agreement); Rupert v. Johnson, 79 F. Supp. 2d 680, 704 (W.D.Texas 1999) (noting that any document signed by defendant at the time of the guilty plea are entitled to great evidentiary weight). Accordingly, without more, the Court should dismiss

---

[2] If Defendant were to ignore the waiver in the plea agreement and release the requested documents in response to Plaintiff's FOIA request, then Defendant would be making a judgment that Plaintiff *did not* knowingly and voluntarily agree to the terms of the plea agreement. Defendant is not in a position to make that judgment.

Plaintiff's FOIA claim as an attempt to challenge his plea agreement.

> **B. Plaintiff Is Not Foreclosed From Obtaining The Necessary Information For His Ineffective Assistance of Counsel Claim.**

To the extent that Plaintiff seeks documents to "show that plaintiff's attorney was ineffective" (Docket No. 13 ECF at 4 (para. 5)), Plaintiff is not foreclosed from obtaining the necessary information through the civil discovery process.

On May 15, 2007, Plaintiff filed a motion under 28 U.S.C. § 2255 "to vacate, set aside, or correct sentence by a person in federal custody." See Dkt. No. 13-2 at ECF p. 9. A prisoner filing under 28 U.S.C. § 2255 may seek leave conduct discovery. United States v. Finkel, 165 Fed. Appx. 531, 532-33 (9th Cir. 2006) ("District courts, for good cause, may authorize parties to a § 2255 habeas proceeding to conduct discovery."); Jones v. United States, 231 Fed. Appx. 485, 488 (7th Cir. 2007) (same); United States v. Gale, 314 F.3d 1, 6 (D.C. Cir. 2003) (reviewing a district court's denial of discovery in a § 2255 action for abuse of discretion) (citing Bracy v. Gramley, 520 U.S. 899, 909 (1997)). Leave for discovery is within the discretion of the District Court. Bracy, 520 U.S. at 909.

Here, Plaintiff can certainly seek leave from the District Court for the District of Southern Mississippi to conduct discovery under Rule 26 of the Federal Rules of Civil Procedure to obtain information relevant to his claim. Fed. R. Civ. P. 26(b)(1). If the court believes that Plaintiff's claim is meritorious, that court may grant leave for Plaintiff to conduct discovery, and Plaintiff can request the same information that he is now seeking with his FOIA request.[3]

---

[3] If Plaintiff needs information from the Executive Office for United States Attorneys, with leave of court, he can submit a *Touhy* request or a Rule 45 subpoena on the agency for relevant documents during discovery.

**III.     Conclusion.**

For the foregoing reasons and those in Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment, the Court should grant Defendant's dispositive motion and dismiss this case with prejudice.


Dated: March 21, 2008.                                  Respectfully Submitted,


   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 21, 2008, the foregoing Defendant's Reply In Support of Motion to Dismiss or, in the alternative, for Summary Judgment was served on *pro se* Plaintiff, by U.S. First Class Mail, with postage prepaid, and addressed as follows:

RUSSELL CASTON
R08816-043
Yazoo City Federal Correctional Institution
P.O. Box 5000
Yazoo City, Mississippi 39194

_____
JOHN TRUONG