UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RUSSELL CASTON,

                Plaintiff,

    v.

EXECUTIVE OFFICE FOR THE UNITED
STATES ATTORNEYS,

                Defendant.

Civil Action No. 07-1816 (HHK)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment. For the reasons stated below, the motion will be granted.

I.   BACKGROUND

In April 2007, plaintiff submitted a request to the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Complaint ("Compl.") at 2 ¶ 5. Specifically, plaintiff sought "'clear and legible' copies" of "discovery material that was prepared in [Case No. 3:05CR153LS in the United States District Court for the Southern District of Mississippi, including] any and 'all' investigation reports, photographs and lab reports." Compl., Ex. A (April 2, 2007 "Freedom of Information/Privacy Act Request") at 1. In addition, plaintiff sought:

> [A] copy of the letter faxed to [plaintiff's] attorney Sanford Knott
> from A.U.S.A. David H. Fulcher on or around June 9, 2006. This

> letter mentions [plaintiff's] name and is related to [plaintiff's] case. This letter will be used as an exhibit in [plaintiff's] 2255 motion.

*Id.*, Ex. A at 2.  EOUSA responded to plaintiff's request, assigned FOIA Request #07-1224, as follows:

> Pursuant to the Plea Agreement [plaintiff] executed on March 23, 2006, [plaintiff has] waived all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

*Id.*, Ex. B (May 16, 2007 letter from W.G. Stewart II, Assistant Director, Freedom of Information & Privacy Staff, EOUSA).  Its response referred to the plea agreement, which in relevant part stated:

> Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to a trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby <u>expressly waives</u> . . . <u>all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the Freedom of Information Act, set forth at Title 5, United States Code, Section 552, or the Privacy Act of 1974, at Title 5, United States Code, Section 552a</u>.

*Id.*, Ex. B (Plea Agreement, Crim. No. 3:05-CR-0153 TSL JCS, filed March 24, 2006) ¶ 12 (emphasis added).  Above the signatures of Assistant United States Attorney Dave Fulcher, plaintiff, and plaintiff's defense attorney, Sanford Knott, was the following statement:

***DEFENDANT AND HIS ATTORNEY OF RECORD***

> ***FURTHER DECLARE THAT THE TERMS OF THIS AGREEMENT HAVE BEEN:***
>
> 1) ***READ BY OR TO HIM;***
> 2) ***UNDERSTOOD BY HIM OR EXPLAINED TO HIM BY HIS ATTORNEY; AND***
> 3) ***VOLUNTARILY ACCEPTED BY HIM.***

*Id.*, Ex. B ¶ 14 (emphasis in original).  On administrative appeal, DOJ's Office of Information and Privacy affirmed EOUSA's decision.  Compl. at 2-3 ¶¶ 7-8 & Ex. D (August 31, 2007 letter from J.G. McLeod, Associate Director, Office of Information and Privacy).  Its rationale was explained as follows:

> Statutory provisions are presumed to be subject to waiver by voluntary agreement, "absent some affirmative indication in the statute of Congress' intent to preclude waiver."  United States v. Mezzanatto, 513 U.S. 196, 201 (1995) (citing Evans v. Jeff D., 475 U.S. 717, 730-32 (1986)).  Neither the Freedom of Information Act nor the Privacy Act contains any indication that Congress intended to preclude waiver.  See 5 U.S.C. §§ 552 and 552a, respectively.  Consequently, for purposes of [this] request, the waiver of [plaintiff's] FOIA and Privacy Act rights contained in [his] plea agreement is presumed to be valid, and EOUSA properly denied [his] request.

*Id.*, Ex. D.

Plaintiff alleges that EOUSA "has unlawfully withheld and unreasonably delayed disclosure of the requested records."  Compl. at 3 ¶ 8.  He asserts that the waiver of his rights to request information about his criminal case "was obtained in violation of plaintiff's Sixth Amendment Right" because his defense counsel "never explained to plaintiff that he was waiving his right to receive information under title 5 U.S.C. [§] 552(a)."  *Id.* at 4 ¶ 10.  Further, he asserts that his defense counsel "was ineffective during the negotiation of the plea agreement and waiver and labored under an actual conflict of interest."  *Id.*  He demands release of the June 2006 letter

from the prosecutor to his defense attorney; to do otherwise, he argues, would "deprive the plaintiff of an opportunity to assert his Sixth Amendment Right to Counsel where he had accepted the F.O.I.A. waiver in reliance on delinquent representation." *Id.* at 5.

## II.  DISCUSSION

Defendant characterizes plaintiff's complaint as nothing more than a collateral attack on his plea agreement. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment ("Def.'s Mot.") at 5-7. According to defendant, the waiver of the right to obtain information under FOIA or the Privacy Act set forth in the plea agreement is binding, such that plaintiff's only recourse is to file a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in the sentencing court.[1]  *See id.*

Plaintiff insists that he "unknowingly and involuntarily waived his right to seek documents under FOIA." Memorandum of Points and Authorities in Support of Plaintiff's Response ("Pl.'s Opp'n") at 2 (page number designated by the Court).  He argues that EOUSA "has failed to use the several [FOIA] exemptions enacted by [C]ongress" and "instead relyed [sic] on a plea agreement to withhold the requested information." *Id.*  Plaintiff thus objects to the handling of his request as if the FOIA does not apply at all, as well as the rejection of the request for reasons that are not set forth expressly in the FOIA.

---

[1]     It appears that plaintiff has filed a motion under Section 2255 in the United States District Court for the Southern District of Mississippi.  *See* Memorandum of Points and Authorities in Support of Plaintiff's Response, Ex. (Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on May 15, 2007).  Its outcome is unknown.

"Criminal defendants may waive both constitutional and statutory rights, provided they do so voluntarily and with knowledge of the nature and consequences of the waiver." *United States v. Mabry*, __ F.3d __, 2008 WL 2875346, at *4 (3d Cir. July 28, 2008) (citations omitted); *see United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) (noting that a criminal defendant "may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution"). In accepting a guilty plea, a criminal defendant waives "three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination." *Parke v. Raley*, 506 U.S. 20, 29 (1992) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). A waiver of a right may be included in a plea agreement. *See, e.g., United States v. Andis*, 333 F.3d 886, 889 (8th Cir.) (collecting cases regarding waiver of right to appeal pursuant to a plea agreement), *cert. denied*, 540 U.S. 997 (2003). Generally, a plea agreement is valid if it represents a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citation omitted).

"[A] plea agreement is a contract," and "courts will look to principles of contract law to determine whether a plea agreement has been breached." *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir.), *cert. denied*, 516 U.S. 970 (1995); *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) (applying contract analysis to plea agreement). Each party, then, "is entitled to the benefit of its bargain." *United States v. Anderson*, 491 F. Supp. 2d 1, 10 (D.D.C. 2007).

Plaintiff's protestations notwithstanding, his own exhibits establish that he waived his right "to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought by him or by his representative under the [FOIA] or the Privacy Act

of 1974," Compl., Ex. B ¶ 12, that he understood all of the terms of the plea agreement, *id.* ¶ 14, and that he voluntarily entered into the plea agreement. *Id.* "Given that the Supreme Court has allowed a defendant to waive constitutional rights, [this court] would be hard-pressed to find a reason to prohibit a defendant from waiving a purely statutory right." *United States v. Andis*, 333 F.3d at 889. "The use of a FOIA waiver in a valid and binding plea agreement is an enforceable provision that this Court must respect." *Patterson v. Fed. Bureau of Investigation*, No. 3:08cv186, 2008 WL 2597656, at *2 (E.D. Va. June 27, 2008). Accordingly, the Court grants defendant's motion to dismiss or, in the alternative, for summary judgment on the ground that plaintiff's FOIA claim is barred under the terms of his plea agreement. *See United States v. Lucas*, No. 04-6654, 2005 WL 1971567, at *1 (4th Cir. Aug. 17, 2005) (per curiam) (affirming district court order denying FOIA request on the ground that, "in Lucas' valid and binding plea agreement, he waived his right to bring the FOIA claim"), *cert. denied*, 546 U.S. 1196 (2006); *Patterson v. Fed. Bureau of Investigation*, 2008 WL 2597656, at *2 (dismissing claim as frivolous because plaintiff's FOIA request for documents related to his criminal case was barred by plea agreement's waiver provision).

      An Order consistent with this Memorandum Opinion is issued separately.

                                                                               /s/
                                      HENRY H. KENNEDY, JR.
                                      United States District Judge

DATE: August 22, 2008